UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,

        -against-                  MEMORANDUM AND ORDER
                                    06-CR-0580(DRH)
DAMION BATES,

        Defendant.
------------------------------X
A P P E A R A N C E S:

For the Government:
    Benton J. Campbell
    United States Attorney
    Eastern District of New York
    100 Federal Plaza
    Central Islip, New York 11722
      By: John J. Durham, A.U.S.A.

For Defendant:
    Tracey Gaffey, Esq.
    Federal Defenders Office
    100 Federal Plaza
    Central Islip, New York 11722

HURLEY, Senior District Judge

      By application filed on August 12, 2009, defendant has moved to be resentenced pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 (as amended effective March 3, 2008).

      Defendant pled guilty on July 17, 2007 to having distributed 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). He was sentenced by me on February 15, 2008 to 120 months of imprisonment to be followed by four years of supervised release. The defendant's base offense level under U.S.S.G. § 2D1.1(a)(3), as set forth in the PSR, was a level 32, based on the applicable drug quantities. PSR at ¶¶ 2-9 and 14. However, because the defendant was a "career

offender," pursuant to U.S.S.G. § 4B1.1, his offense level was increased to level 34, which was adjusted to level 31 after three levels were subtracted for acceptance of responsibility.  Id. at ¶¶ 20-22.

At sentencing, defendant did not dispute the calculations in the PSR which the Court adopted including the corresponding advisory guideline range of 188 to 235 months. Yet, as noted, he was sentenced to 120 months incarceration, 68 months less than the minimum of applicable guideline range, based on my conclusion that "given his medical condition as detailed in [his] defense counsel's January 15, 2008 letter, the support he enjoy[ed] from his family and friends, and perhaps most importantly, the drug treatment sentence anticipated he will receive during supervised release" such sentence adequately addressed the reasons that penal sanctions are employed and was no more onerous than necessary to accomplish that goal.  Feb. 15, 2008 Judgment, Part VI, D.  The amended guideline range is 151 to 188 months with the bottom of the range being 31 months higher than the period of imprisonment imposed.

Although the sentence imposed on February 15, 2008 was beneath the applicable guideline range and, accordingly, I could arguably, at least at first blush, fashion a comparable departure at this state of the proceeding, (see United States v. McGee, 553 F.3d 225, 228 (2d Cir. 2009) and § 1B1.10(b)(2)(B)), that

sentence was not "based on the crack guidelines" nor would I have "considered a different [i.e. lower] sentence if the crack guidelines had so provided." McGee, 553 F.3d at 228. Instead, after considering the then applicable guideline range pursuant to 18 U.S.C. § 3553(a)(4), I focused on the other statutory sentencing factors listed in § 3553(a) and those other factors served as the predicate for the sentence imposed, particularly the factors listed in § 3553(a)(1) and (2)(D). Simply put, "the crack cocaine guideline amendments do not have the effect of lowering the guideline range on which [defendant's] sentence was based" because the initial guideline range did not play a role in the sentencing process. United States v. Martinez, 572 F.3d 82, 85-86 (2d Cir. 2009). Accordingly, defendant is beyond the ambit of those intended to be benefitted by the subject amendments. Cf. United States v. Wesson, 583 F.3d 728 (9th Cir. 2009). Moreover, even if the situation was otherwise, I would decline to grant the requested relief "after [re]considering the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(2).

For the reasons indicated, defendant's application is denied.

SO ORDERED.

Dated: Central Islip, New York
       November 18, 2009

                                        _____/S/_____
                                        DENIS R. HURLEY, U.S.D.J.