UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                **MEMORANDUM AND ORDER**
                                                06 CR 580 (DRH)

- against -

DAMION BATES,

                Defendant.
----------------------------------------------------------X

**HURLEY, Senior District Judge:**

        On July 17, 2007, defendant Damion Bates pled guilty before this Court to a charge of distribution and possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). On February 15, 2008, this Court sentenced defendant to a term of 120 months imprisonment, to be followed by four years of supervised release. Presently before the Court is a motion by defendant seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The government has filed a written response opposing any such reduction. For the reasons set forth below, defendant's motion is denied.

*I.*    *Background*

        According to the Presentence Investigation Report ("PSR"), based on the applicable drug quantities for which defendant was held responsible, his base offense level was 32. (PSR ¶¶ 2-9, 14.) Defendant's offense level was, however, raised to 34 based upon his classification as a "career offender" pursuant to Guideline § 4B1.1(b). (*Id.* ¶ 20.) Defendant then received a three-level reduction for acceptance of responsibility pursuant to Guideline § 3E1.1(a) and (b), thereby reducing his total offense level to 31. (*Id.* ¶ 21.) With a Criminal History Category of VI, the then-applicable advisory guideline range was 188 to 235 months incarceration.

At sentencing, defendant did not dispute the calculations in the PSR, which the Court adopted including the corresponding advisory guideline range of 188 to 235 months. The Court, however, after considering all of the factors set forth in 18 U.S.C. § 3553(a), including defendant's medical condition, the support system he enjoyed from family and friends, and the drug treatment he was to received during supervised release, decided to impose a non-guideline sentence of 120 months incarceration.

Effective November 1, 2007, the United States Sentencing Commission (the "Commission") promulgated Amendment 706, which modified the Drug Quantity Table set forth in Guideline § 2D1.1(c) and implemented a two-level reduction of the base offense levels for crack-cocaine offenses. In March 2008, Amendment 713 was enacted and, by its terms, added Amendment 706[1] to the list of amendments set forth in Guideline § 1B1.109(c) that could be applied retroactively as of March 3, 2008. *See United States v. Martinez*, 572 F.3d 82, 83 n.1 (2d Cir. 2009). By letter dated August 12, 2009, defendant moved to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2) and the amended guidelines. The government opposed defendant's application.

The Court denied defendant's application for a sentence reduction, finding that defendant's sentence "was not 'based on the crack guidelines' nor would [the Court] have 'considered a different [i.e. lower] sentence if the crack guidelines had so provided.'" (Nov. 18, 2009 Order at 2-3 (quoting *United States v. McGee*, 553 F.3d 225, 228 (2d Cir. 2009)). Rather, "after considering the then applicable guideline range pursuant to 18 U.S.C. § 3553(a)(4), [the

---

[1] *See* U.S.S.G. App. C. Amend. 706 (effective Nov. 1, 2007); U.S.S.G. App. C. Amend. 713 (effective Mar. 3, 2008).

Court] focused on the other statutory sentencing factors listed in § 3553(a) and those other factors served as the predicate for the sentence imposed, particularly the factors listed in § 3553(a)(1) and (2)(D)." (*Id.* at 3.) The Court concluded that defendant was "beyond the ambit of those intended to be benefitted by the subject amendments," but "even if the situation were otherwise, [the Court] would decline to grant the requested relief 'after [re]considering the factors set forth in section 3553(a).'" (*Id.* (quoting 18 U.S.C. § 3582(c)(2)).)

## II. The Parties' Contentions

Defendant's present application seeks a reduction of his sentence pursuant to the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010) ("FSA"). The FSA "substantially increased the amounts of crack required to trigger mandatory minimum penalties . . . ." *United States v. Rivera*, 662 F.3d 166, 176 n.10 (2d Cir. 2011); *see also* 21 U.S.C. § 841(b)(1)(A)(iii) (2011). Further, the Commission promulgated Amendment 750,[2] which was given retroactive effect as of November 1, 2011. *See* U.S.S.G. § 1B1.10(c). Amendment 750 amended the Drug Quantity Table set forth in Guideline § 2D1.1(c).

The government argues that "defendant's sentencing Guidelines range of 188 to 235 months has not changed because it was not calculated based on the amount of crack cocaine he distributed," but was based on his status as a career offender. (Gov't's Aug. 22, 2012 Letter at 2.) According to the government, "the defendant's offense level and resulting Guidelines range remain exactly what they were at the time of his sentencing and he is not eligible for a sentencing reduction." (*Id.* at 3.) Even if the Court were to conclude that defendant was eligible for such

---

[2] U.S.S.G., 2010 Supp. to App. C, Amendment 750 (effective Nov. 1, 2010).

relief, the government continues, defendant's sentence still should not be reduced because the Court already "granted the defendant a significant downward departure from [his] applicable Guidelines range." (*Id.*) Because defendant "already received a sentence that is more than five years below the bottom-end of his applicable Guidelines range," the government contends that any further reduction would be inappropriate. (*Id.*)

In a reply submission, defendant asserts that he "was not sentence[d as] a career offender," and is, therefore, eligible for a sentence reduction. (Def.'s Reply at 1 (citing *United States v. Rivera*, 662 F.3d 166 (2d Cir. 2011)).

### III. Legal Standard

"A district court may not generally modify a term of imprisonment once it has been imposed." *Martinez*, 572 F.3d at 84 (internal quotation marks omitted) (quoting *Cortorreal v. United States*, 486 F.3d 742, 744 (2d Cir. 2007)). However, Section 3582(c)(2) permits the Court, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . to reduce the term of imprisonment, after considering the factors set forth in Section 3553(a)." 18 U.S.C. § 3582(c)(2). The Supreme Court has articulated a "two-step inquiry" that must be conducted whenever a defendant requests a sentence reduction pursuant to Section 3582(c): (1) the Court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized," and, if the defendant is found eligible for reduction under step one, (2) the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 130

S.Ct. 2683, 2691-92 (2010).

## IV. *Defendant's Request is Denied*

When a defendant's sentence "was not based on the crack cocaine guidelines," that defendant is "ineligible for a sentence reduction." *United States v. McPherson*, 435 Fed. Appx. 17, at *1 (2d Cir. June 17, 2011); *see also United States v. Britt*, 2012 WL 3834630, at *2 (S.D.N.Y. Aug. 15, 2012) ("Defendant was not sentenced under the crack cocaine guidelines and he is, therefore, not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2)."); *United States v. Lake*, 673 F. Supp. 2d 109, 110 (E.D.N.Y. 2009) ("Reductions in sentences for a defendant whose original term of imprisonment constituted a non-guideline sentence are generally not appropriate."). Here, defendant received a non-guideline sentence that was not based on the crack cocaine guidelines, but was based on the Court's analysis of the factors listed in § 3553(a). Therefore, defendant's arguments for a sentence reduction pursuant to 18 U.S.C. § 3582 lack merit.

Defendant's assertion that he was not sentenced as a career offender does not change the Court's conclusion. In *Rivera*, the defendant's sentence was not based on the career offender guideline, but was based on "the range produced by subtracting three offense levels from the career offender computation." *Rivera*, 662 F.3d at 174. That latter range would have been lower if it was re-computed in light of the crack cocaine amendments and, as such, the Circuit found that defendant was eligible for a sentence reduction. *See id.* at 175. Here, by contrast, the Court imposed a non-guideline sentence on defendant that was based on the factors set forth in Section 3553(a) and not the crack cocaine guidelines. Accordingly, defendant is not eligible for a sentence reduction. Even if he were, moreover, the Court would decline to grant any such

5

reduction after re-considering the Section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(2).

## *CONCLUSION*

For the reasons set forth above, defendant's motion is denied. The Clerk of the Court is respectfully directed to serve defendant with a copy of this Memorandum & Order.

**SO ORDERED.**

Dated: Central Islip, New York
      April 30, 2013

                                                            /s/
                                                      Denis R. Hurley
                                                      Unites States District Judge